UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

| | |
|---|---|
| EQUAL EMPLOYMENT OPPORTUNITY COMMISSION, | )<br>)<br>) |
| Plaintiff, | ) Civil Action No. 04-4086JNE/RLF<br>) |
| v. | )<br>) |
| INDEPENDENT SCHOOL DISTRICT NO. 482 OF LITTLE FALLS, MN, | ) COMPLAINT<br>)<br>) Jury Trial Demand |
| Defendant. | )<br>)<br>) |

## NATURE OF THE ACTION

This is an action under the Age Discrimination in Employment Act ("ADEA") to correct unlawful employment practices on the basis of age, and to provide appropriate relief to Robert Bertsch and any similarly situated individuals ("class members"). The U.S. Equal Employment Opportunity Commission ("Commission") alleges that from at least June, 1999 through at least June 2000, Independent School District 482, of Little Falls, Minnesota ("ISD 482"), discriminated against the class members by paying an early retirement incentive cash benefit which had been reduced because of age.

## JURISDICTION AND VENUE

1.  Jurisdiction of this Court is invoked pursuant to 28 U.S.C. §§ 451, 1331, 1337, 1343 and 1345. This action is authorized and instituted pursuant to Section 7(b) of the Age Discrimination in Employment Act of 1967, as amended, 29 U.S.C. § 626(b) (the "ADEA"), which incorporates by reference Sections 16(c) and 17 of the Fair Labor Standards Act of 1938 (the "FLSA"), as amended, 29 U.S.C. §§ 216(c) and 217.

SCANNED
SEP 13 2004
U.S. DISTRICT COURT MPLS

2. The employment practices alleged to be unlawful were committed within the jurisdiction of the United States District Court for the District of Minnesota.

## PARTIES

3. Plaintiff, the Commission, is an agency of the United States of America charged with the administration, interpretation and enforcement of the ADEA and is expressly authorized to bring this action by Section 7(b) of the ADEA, 29 U.S.C. § 626(b), as amended by Section 2 of Reorganization Plan No. 1 of 1978, 92 Stat. 3781, and by Public Law 98-532 (1984), 98 Stat. 2705.

4. At all relevant times, the ISD 482 has continuously been a public school district, known as the Little Falls School District operating in Little Falls, Minnesota, and has continuously had at least 20 employees.

5. At all relevant times, the ISD 482 has continuously been an employer, a political subdivision of a State, within the meaning of Section 11(b) of the ADEA, 29 U.S.C. § 630(b).

## CONCILIATION

6. Prior to the institution of this lawsuit, the Commission's representatives attempted to eliminate the unlawful employment practice alleged below and to effect voluntary compliance with the ADEA through informal methods of conciliation, conference and persuasion within the meaning of Section 7(b) of the ADEA, 29 U.S.C. §626(b).

## STATEMENT OF CLAIMS

7. From at least June 1999 through at least June 2000, ISD 482 engaged in

unlawful employment practices in violation of Section 4(a) of the ADEA, 29 U.S.C. § 623(a), by entering into collective bargaining agreements which provided retiring employees a cash early retirement incentive consisting of a severance benefit equal one year's salary for retirees who met certain criteria, *i.e.*, the sum of their age plus years of service equals 90, or the employee was between age 55-59 and had 15 years of service. For persons whose sum of age and years is greater than 91, the benefit is incrementally reduced because of their age. Specifically, Robert Bertsch, who retired in June 1999, received no benefit because of his age, 60. In addition, any similarly situated employee who retired between at least June 1999 and at least June of 2000 would have had his or her benefit reduced because of age.

8. The unlawful employment practices complained of in paragraph 7 above were willful within the meaning of Section 7(b) of the ADEA, 29 U.S.C. § 626(b).

## PRAYER FOR RELIEF

Wherefore, the Commission respectfully requests that this Court:

A. Grant a permanent injunction enjoining Defendant ISD 482, its appointees, employees, officers, successors, assigns, divisions, and all persons in active concert or participation with them, from engaging in employment practices that discriminate on the basis of age against individuals aged 40 and older.

B. Grant a permanent injunction enjoining Defendant ISD 482 from offering any early retirement incentive program which reduces benefits because of age.

C. Grant a judgment requiring Defendant ISD 482 to pay class members the amount of the early retirement incentive benefit to which each would have been entitled prior to the reduction based on his or her age, plus an equal sum as liquidated damages.

D. Grant such further relief as the Court deems necessary and proper in the public interest.

E. Award the Commission its costs of this action.

## JURY TRIAL DEMAND

The Commission requests a jury trial on all questions of fact raised by its complaint.

Dated _____

                         EQUAL EMPLOYMENT OPPORTUNITY COMMISSION

Eric S. Dreiband
General Counsel

James L. Lee
Deputy General Counsel

Gwendolyn Young Reams
Associate General Counsel
1801 L Street NW
Washington, D.C. 20507

_____
Jean P. Kamp
Regional Attorney

EQUAL EMPLOYMENT OPPORTUNITY COMMISSION
Milwaukee District Office
310 West Wisconsin Ave., Suite 800
Milwaukee, WI 53203
(414) 297-1860